**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Donald J. Freese III

v. Civil No. 23-cv-235-JL-AJ

Manchester Police Department, et al.

## REPORT AND RECOMMENDATION

Plaintiff Donald J. Freese III filed a number of documents which the court construes as Complaint Addenda (Doc. Nos. 36-41, 45, 47, 50, 51, 57, 58). The Complaint Addenda are before the court for preliminary review pursuant to LR 4.3(d)(1). Also before the court for consideration and a recommendation as to disposition are Mr. Freese's motions for preliminary injunctive relief (Doc. Nos. 53, 54), to which Defendants object (Doc. Nos. 55, 56).

## Preliminary Review

### I. Preliminary Review Standard

The court conducts preliminary review of prisoners' amended complaints under LR 4.3(d)(1) to determine, among other things, whether the amended complaint states a claim upon which relief might be granted. In conducting its preliminary review, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To determine whether to dismiss claims for failure to state a claim, the court takes as true the factual content in the complaint and inferences reasonably drawn from those facts, strips away legal conclusions, and then considers whether the plaintiff has stated a claim upon which relief might be granted. See Hernandez-Cuevas v.

Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The court may dismiss claims asserted in a prisoner's complaint if the court lacks jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b).

## II. Background

Mr. Freese is presently civilly committed to the New Hampshire Hospital ("NHH"), where he has resided since at least February 2026. Mr. Freese alleges that, at NHH, his life is in danger, and that he is being tortured by NHH staff, in response to his efforts to uncover government corruption. Specifically, Mr. Freese alleges that: the government is torturing him by using nano technology to read his thoughts and to speak directly into his brain; NHH staff members and patients are injecting him with poison which causes his heart to cramp; NHH staff members are denying him medication he needs to live; NHH staff members are ignoring his physical injuries, symptoms, and complaints; and NHH staff members are improperly preventing his release from the NHH by falsely stating that he is mentally ill and delusional. Mr. Freese also generally alleges that NHH staff members are covering up the harm being done to Mr. Freese, and are engaged in a conspiracy with one of the defendants in this action, New Hampshire State Prison ("NHSP") Cpl. Jay Christie.

## III. Discussion

Pending in this action are claims related to events which occurred during Mr. Freese's 2020 arrest by the Manchester Police Department, and, thereafter, during his incarceration, at both the Hillsborough County Department of Corrections and the New Hampshire State Prison ("NHSP"), in 2021 and 2022. Here, Mr. Freese seeks to assert

new claims in this case against new defendants.

In general, "[a] party asserting a claim. . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18. A plaintiff may join multiple defendants in a single action if he asserts against each defendant at least one claim to relief that "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences," and presents "any question of law or fact common to all defendants." See Fed. R. Civ. P. 20(a)(2).

To show a "transaction or occurrence," under Rule 20(a)(2), the plaintiff must demonstrate a "'logical relation' between the claims." Kress Stores of P.R., Inc. v. Wal-Mart P.R., Inc., 121 F.4th 228, 245 (1st Cir. 2024). "[A] 'logical relation' between claims exists when 'the same aggregate of operative facts serves as the basis of both claims,'" but not if the claims "rest[] on 'entirely different' sets of facts with little to no overlap." Id. (citations omitted).

The incidents and circumstances at NHH arise from transactions unrelated to the claims in this case. In his Complaint Addenda, Mr. Freese describes actions taken by individuals at NHH who are not defendants in this action, and alleges violations of his rights arising out of events which occurred at NHH in 2026, more than three years after the events which form the basis for this lawsuit. And, to the extent Mr. Freese alleges a broader conspiracy involving NHH staff members and Cpl. Christie, he has failed to allege sufficient facts to support that contention. See Slotnick v. Garfinkle, 632 F.2d 163, 165-66 (1st Cir. 1980).

The court therefore finds that Mr. Freese's claims concerning events at the NHH are not properly joined in this case. Additionally, Mr. Freese's allegations do not appear

to state any claim upon which relief could be granted. See LR 4.3(d)(1)(A) & 4.3(d)(2)(A). The court recommends, therefore, that the district judge dismiss the Complaint Addenda.

## Motion for Preliminary Injunction

Based on the same allegations in the Complaint Addenda, described above, Mr. Freese asks the court to grant a preliminary injunction directing that he be released from the NHH or otherwise protected from the harm he alleges he faces at that facility. To obtain a preliminary injunction, Mr. Freese must establish a relationship between the injury he claims in his current motion and the conduct underlying the claims in this case. See Beers v. N.H. State Prison Warden, 752 F. Supp. 3d 431, 436-37 (D.N.H. 2024) (court does not have authority to grant injunctive relief based on claims not asserted in the complaint). As discussed above, the claims pending in this case are unrelated to Mr. Freese's current request for release from the NHH, and the court here recommends that the Complaint Addenda adding claims related to NHH to this action be dismissed.

While the court understands and sympathizes with Mr. Freese's concerns and fears, the relief Mr. Freese seeks is not available to him in this action, for the reasons explained above. The court therefore recommends that the district judge deny Mr. Freese's requests for preliminary injunctive relief (Doc. Nos. 53, 54).

## Conclusion

For the foregoing reasons, the district judge should dismiss Mr. Freese's Complaint Addenda (Doc. Nos. 36-41, 45, 47, 50, 51, 57, 58) and deny Mr. Freese's motions for preliminary injunctive relief (Doc. Nos. 53, 54). Any objections to this Report

and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Failure to file any objection within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised by the objection(s) to this Report and Recommendation "'are subject to review in the district court and those not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

October 1, 2026

cc: Donald J. Freese III, pro se
Duncan A. Edgar, Esq.
Robert J. Rabuck, Esq.
Abigail Morgan Garside, Esq.
Matthew Vernon Burrows, Esq.